IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:19-CV-02897 |
| JENNIE M. REASON and CAROLYN K. PARKER, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by counsel, and for its Complaint in Interpleader states as follows:

## PARTIES

1.      MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  It is duly licensed to do business in the State of Indiana.

2.      Upon information and belief, Defendant Jennie M. Reason ("Jennie") is the ex-spouse of Bascom Cress (the "Decedent"), and she resides in Middletown, Indiana, located in Henry County, Indiana.

3.      Upon information and belief, Defendant Carolyn K. Parker ("Carolyn") is a friend of the Decedent, and she resides in Anderson, Indiana, located in Madison County, Indiana.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the

United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5.     Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because one or more defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6.     The Decedent was an employee of General Motors Corporation ("GM") and a participant in the General Motors Group Life and Disability Insurance Plan (the "Plan"), an ERISA-governed employee welfare benefit plan sponsored by GM with the Life and Disability Benefits Program as Plan Administrator ("Plan Administrator"), and funded by group life insurance policy # 25090-G (the "Policy") issued by MetLife. A true and correct copy of the Plan documents are attached hereto as Exhibit A (bates #Plan 1-175).

7.     MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

8.     ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

9.     The Plan establishes the right of a Plan participant to name his or her beneficiary. See Exhibit A, p. (bates # Plan 31, 74-75).

10.     The most recent accepted beneficiary designation form on file is dated April 23, 2018, naming Jennie as the sole, primary beneficiary (hereafter the "4/23/18 Beneficiary Designation"). A true and correct copy of the 4/23/18 Beneficiary Designation is attached hereto as Exhibit B.

11.     The immediately prior beneficiary designation form submitted but not accepted was dated April 10, 2018, naming Jennie as the sole, primary beneficiary (hereafter the "4/10/18 Unaccepted Form"). A true and correct copy of the 4/10/18 Unaccepted Form is attached hereto as Exhibit C. The 4/10/18 Unaccepted Form was rejected because it was signed by the Decedent's children (Tammy Farr and Rebecca Mills) without a valid Power of Attorney on file giving them authority to execute the form on behalf of the Decedent.

12.     The prior accepted beneficiary designation form on file is dated May 22, 2013, naming Carolyn K. Parker as the sole, primary beneficiary (hereafter the "5/22/13 Beneficiary Designation"). A true and correct copy of the 5/22/13 Beneficiary Designation is attached hereto as Exhibit D.

13.     The Decedent died as a result of vascular dementia on September 14, 2018. A true and correct copy of the death certificate is attached hereto as Exhibit E.

14.     At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of TWENTY-SIX THOUSAND, THREE HUNDRED SIXTY-THREE DOLLARS ($26,363.00) (the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

15.     Carolyn contested the Plan Benefits being paid pursuant to the 4/23/18 Beneficiary Designation, because she claimed the Decedent was not competent after he had a stroke in 2017 and she relied on medical documentation from the Decedent's physician to support her contention.

16.     MetLife sent a pre-interpleader letter to Jennie and Carolyn for the contested Plan Benefits.

17.     To date, the parties have not reached an agreement regarding the contested Plan Benefits.

18.     MetLife cannot determine whether a court would find that the 4/23/18 Beneficiary Designation is valid, especially based on Carolyn's statement that the Decedent was not competent.

19.     If a court were to determine that the 4/23/18 Beneficiary Designation is valid, then the Plan Benefits would be payable to Jennie.

21.     If a court were to determine that the 4/23/18 Beneficiary Designation is invalid, then the Plan Benefits would be payable to Carolyn pursuant to the 5/22/13 Beneficiary Designation.

22.     MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, GM, the Plan Administrator, the Plan, and the Policy to multiple liability.

23.     As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action).  MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

24.     MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

25.     MetLife is ready and willing to deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i)     Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan and/or Policy;

(ii)    Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, GM, the Plan Administrator, the Plan, and the Policy from any further liability for the Plan Benefits;

(iii)   Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits  should be paid; and

(iv)   Award MetLife its costs and attorney's fees incurred in this action.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:   s/ Tina M. Bengs
Tina M. Bengs, IN Bar No. 19751-64
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: 219-242-8664
Fax:    219-242-8669
tina.bengs@ogletree.com

ATTORNEYS FOR PLAINTIFF

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *COMPLAINT IN INTERPLEADER* was filed electronically on July 15, 2019 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

      None

I further certify that service was made on the following non-registered parties of record by placing copies of the foregoing *COMPLAINT IN INTERPLEADER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid and by FedEx:

      Carolyn K. Parker
      612 Garden Court
      Anderson, IN 46011
      Ph.: 765-643-9837

      Jennie M. Reason
      P.O. Box 333
      Middletown, IN 47356
      Ph.: 765-318-8618

                    *s/ Tina M. Bengs*
                    Tina M. Bengs

39145649.1

6